**Electronically Filed
Intermediate Court of Appeals
30438
06-JUN-2011
07:49 AM**

NO. 30438

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHRIS F. YAMAMOTO, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-09-04944)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Chris F. Yamamoto (Yamamoto) appeals the February 2, 2010 Notice of Entry of Judgment and/or Order and Plea/Judgment filed in the District Court of the First Circuit, 'Ewa Division (District Court)[1] convicting him of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1)(3) and (b)(1)(2) (Supp. 2009).

On November 12, 2009, a complaint was filed (First Complaint) that asserted an OVUII offense against Yamamoto, but failed to include the allegation that the offense occurred on a "public way, street, road or highway" as required pursuant to State v. Wheeler, 121 Hawai'i 383, 393, 219 P.3d 1170, 1180 (2009). Wheeler was issued on November 17, 2009, five days after

---

[1] The Honorable David W. Lo presided.

the First Complaint was filed. The record does not reflect that the First Complaint was served on Yamamoto.

On November 25, 2009,[2] at the first hearing in the case, the First Complaint was withdrawn and another complaint was filed (Second Complaint) that included the Wheeler "public way, street, road or highway" language. Yamamoto was charged with Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of HRS § 291E-61(a)(1) and/or (a)(3), and subjecting him to sentencing under HRS § 291E-61(b)(1) and/or (b)(2). The Second Complaint was served in open court at the November 25, 2009 hearing, and the arraignment, plea, and trial were continued.

On February 2, 2010, the date of trial, Yamamoto made an oral motion to dismiss the case for lack of subject matter jurisdiction, arguing that no subject matter jurisdiction existed on the Second Complaint because it attempted to amend a defective complaint for which no jurisdiction existed in the first instance (First Motion to Dismiss). The State argued that the defective complaint was never served, and where the second complaint was filed and served, the second complaint initiated the case. The District Court denied Yamamoto's First Motion to Dismiss. The State orally arraigned Yamamoto on the Second Complaint. Yamamoto then orally moved to dismiss the charge because it "failed to allege the requisite mens rea element" where "the state must prove that this offense happened either intentionally, knowingly, or at least recklessly" (Second Motion to Dismiss). The District Court denied the Second Motion to Dismiss, whereafter a stipulated facts trial ensued. The District Court found Yamamoto guilty and entered a judgment of conviction

---

[2] No transcript for this hearing appears in the record on appeal, but the events during the November 25, 2009 hearing are discussed in the February 2, 2010 transcripts.

against Yamamoto for OVUII, under HRS § 291E-61(a)(1)(3) and (b)(1)(2). This timely appeal followed.

On appeal, Yamamoto contends that the District Court erred: (1) in permitting the filing of the Second Complaint and denying the First Motion to Dismiss because the First Complaint was defective for failing to state that the offense occurred on a "public way, street, road or highway," thus depriving the District Court of jurisdiction; and (2) in denying the Second Motion to Dismiss and in consequently convicting Yamamoto because the amended charge was defective for failing to specify the applicable state of mind, depriving the District Court of jurisdiction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Yamamoto's points of error as follows.

## I.   The District Court Did Not Err in Denying the First Motion to Dismiss.

In asserting his first point of error, Yamamoto contends that: (a) the District Court did not have subject matter jurisdiction because the First Complaint did not confer jurisdiction, (b) permitting filing of the Second Complaint was tantamount to an amended complaint and did not cure the lack of jurisdiction, and (c) the District Court should have dismissed the case, so that a new complaint could be filed in a new case. We review such questions regarding jurisdiction de novo. State v. Cummings, 101 Hawai'i 139, 142, 145, 63 P.3d 1109, 1112, 1115 (2003); Wheeler, 121 Hawai'i at 390, 219 P.3d at 1177.

In charging the OVUII offense, if a complaint fails to "allege that [defendant] was driving his vehicle upon a public way, street, road, or highway[,]" the charge is deficient. Wheeler, 121 Hawai'i at 393, 219 P.3d at 1180.

3

In Cummings, the prosecution proceeded on a driving under the influence (DUI) case that was initiated with a defective complaint, and the district court permitted the prosecution to "amend" the complaint after conclusion of its case-in-chief. Under the facts of that case, the Hawai'i Supreme Court determined that the amendment of the complaint could not confer jurisdiction retroactively because absent a proper complaint, the prosecution's case-in-chief was a legal nullity. Cummings, 101 Hawai'i at 145, 63 P.3d at 1115. The Cummings court also stated that because the amendment in that case "stated an offense for the first time[,]" "[Hawai'i Rules of Penal Procedure] HRPP Rule 7(f)[3] is inapplicable . . . and the question of prejudice is irrelevant." Id.

In the instant case, the First Complaint failed to allege the Wheeler "public way" language and thus was defective, as the State admits. However, the First Complaint was withdrawn, and the Second Complaint that included the Wheeler public way language was filed and served on November 25, 2009 at the initial hearing in this case. This situation is significantly different than in Cummings. In Cummings, no valid charge existed until after the prosecution's evidence had been presented in its case-

---

[3] At the time of Cummings, HRPP Rule 7(f)(2001) stated:

**(f) Amendment.** The court may permit a charge other than an indictment to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

On November 25, 2009, the date of withdrawal of the First Complaint and filing of the Second Complaint in the instant case, HRPP Rule 7(f) stated:

**(f) Amendment.**

(1) The court may permit a charge other than an indictment to be amended at any time before trial commences if substantial rights of the defendant are not prejudiced.
(2) The court may permit a charge other than an indictment to be amended after trial commences and before verdict or finding if the defendant personally, knowingly, and voluntarily agrees to the amendment on the record.

4

in-chief. <u>Cummings</u>, 101 Hawai'i at 145, 63 P.3d at 1115. In such a situation, a conviction could not be based on evidence that the court had no jurisdiction to hear, because "the amended complaint could not confer jurisdiction retroactively." <u>Cummings</u>, 101 Hawai'i at 145, 63 P.3d at 1115. Here, as distinguished from <u>Cummings</u>, the First Complaint was not served on Yamamoto and the Second Complaint was served at the initial court hearing and <u>before</u> any presentation of evidence. Under these circumstances, it was not error for the District Court to permit the filing of the Second Complaint in the same case, particularly where the action achieved the same result as dismissing and refiling, and where Yamamoto was provided ample time to prepare for trial and suffered no prejudice.

**II.   The District Court did not Err in Denying the Second Motion to Dismiss.**

Yamamoto argues that the District Court erred in denying his Second Motion to Dismiss because the failure to specify the requisite state of mind, required as an essential fact pursuant to HRPP Rule 7(d), renders the Second Complaint defective. Yamamoto was charged in the Second Complaint with violating HRS § 291E-61(a)(1) <u>and/or</u> (a)(3).[4]

---

[4]   HRS § 291E-61(a) (Supp. 2009) stated:

**Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

> (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
>
> (2)   While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner;
>
> (3)   With .08 or more grams of alcohol per two hundred ten liters of breath; or

(continued...)

A.   State of Mind under HRS § 291E-61.
1.   HRS § 291E-61(a)(3) (breath alcohol content)
     provides for absolute liability.

As to the state of mind requirement for Yamamoto's
charge under HRS § 291E-61(a)(3), OVUII determined by alcohol
content is an absolute liability offense. State v. Young, 8 Haw.
App. 145, 153-154, 795 P.2d 285, 291 (1990)[5]; see also H. Stand.
Comm. Rep. No. 591, in 1983 House Journal, at 1105; S. Stand.
Comm. Rep. No. 999, in 1983 Senate Journal, at 1478.

The state of mind requirements of HRS § 702-204 do not
apply to a crime outside the penal code where a legislative
purpose to impose absolute liability plainly appears, and no
state of mind is required in the charge. HRS § 702-212; see
HRS § 701-102(3) (1993) ("[t]he provisions of chapters 701
through 706 of the [Penal] Code are applicable to offenses
defined by other statutes, unless the Code otherwise provides"
(emphasis and brackets added)); see also State v. Kane, 3 Haw.
App. 450, 453-54, 652 P.2d 642, 645 (1982).

2.   HRS § 291E-61(a)(1) (impairment by alcohol)
     requires an intentional, knowing, or reckless
     state of mind.

Although OVUII under subsection (a)(3) (breath alcohol
content) is an absolute liability offense, OVUII under subsection
(a)(1), which requires a showing of impairment, does not reflect
the same legislative intent to create an absolute liability
offense. Consequently, the state of mind requirements of
HRS § 702-204 apply to OVUII under subsection (a)(1).
HRS § 701-102(3); see also HRS § 701-102 cmt. (making state of

_____

[4](...continued)
     (4)   With .08 or more grams of alcohol per one hundred
           milliliters or cubic centimeters of blood.

[5] HRS § 291-4, which was the statute at issue in Young, was recodified
and reenacted as HRS § 291E-61. See State v. Anger, 105 Hawai'i 423, 425 n.2,
98 P.3d 630, 632 n.2 (2004).

mind requirements applicable to non-Penal-Code statutory offenses). Thus, as no state of mind is specified in HRS § 291E-61(a)(1), the state of mind of intentionally, knowingly, or recklessly would apply.

**B.    State of Mind in the Charge.**

Irrespective of the state of mind to be proved under any subsection of OVUII, whether that state of mind must be alleged in the charging document is a separate matter. The issue of whether a charge contains all essential elements of the offense is reviewed *de novo*. Wheeler, 121 Hawai'i at 390, 219 P.3d at 1177.

The Wheeler court analyzed a district court case for sufficiency of the charge and stated that "an accusation must sufficiently allege all of the essential elements of the offense charged, a requirement that obtains whether an accusation is in the nature of an oral charge, information, indictment, or complaint." Wheeler, 121 Hawai'i at 391, 219 P.3d at 1178 (citation omitted, emphasis added, internal quotation marks and brackets omitted). Wheeler also referenced HRS § 702-205, which specifies the elements of the offense as the conduct, attendant circumstances, and results of conduct. 121 Hawai'i at 391-92, 219 P.3d at 1178-79. As determined in State v. Klinge, 92 Hawai'i 577, 584 n.3, 994 P.2d 509, 516 n.3 (2000), "under HRS § 702-205, state of mind is not an 'element' of a criminal offense." Nevertheless, state of mind must be proved. See HRS §§ 701-102(3) and 702-204.

Contrary to Yamamoto's claim that state of mind is required in the charge as part of the "essential facts" mandated

in HRPP Rule 7(d),[6] "[i]n general, where the statute sets forth with reasonable clarity all <u>essential elements</u> of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient." <u>State v. Mita</u>, 124 Hawaiʻi 385, 392, 245 P.3d 458, 465 (2010) (quoting <u>Wheeler</u>, 121 Hawaiʻi at 393, 219 P.3d at 1180) (emphasis and some brackets added; internal quotation marks and some brackets omitted) (referencing the "plain, concise and definite statement of essential facts" requirement of HRPP Rule 7(d)).

As noted, the language of HRS § 291E-61(a)(1) does not specify the applicable state of mind required for conviction. Looking to the language of the statute in analyzing the sufficiency of a charge can be a determinative factor, and even though the provisions of HRS § 806-28 are not applicable to district court proceedings, the Hawaiʻi Supreme Court has similarly relied on the language of the particular criminal statute to determine if state of mind needed to be specified in a charge in district court proceedings. <u>See</u> <u>State v. Yonaha</u>, 68 Haw. 586, 586, 723 P.2d 185, 185-186 (1986); <u>State v. Faulkner</u>, 61 Haw. 177, 178, 599 P.2d 285, 286 (1979); <u>State v. Jendrusch</u>, 58 Haw. 279, 281-282, 567 P.2d 1242, 1244 (1977).[7]

---

[6] HRPP Rule 7(d) states, in part:

> **(d) Nature and Contents.** The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. . . . Formal defects, including erroneous reference to the statute, rule, regulation or other provision of law, or the omission of such reference, shall not be ground for dismissal of the charge or for reversal of a conviction if the defect did not prejudice the defendant.

[7] Although these cases refer to state of mind as an "element," these cases preceded <u>State v. Klinge</u>, 92 Hawaiʻi at 584 n.3, 994 P.2d at 516 n.3, which clarified that state of mind is not an essential element of an offense.

Further, in a charge of OVUII under HRS § 291E-61(a)(1), a general intent crime,[8] the state of mind can be inferred without specification in the charge.[9] Consequently, the charge against Yamamoto of OVUII under HRS § 291E-61(a)(1) does not require specification of the state of mind.

Accordingly, the district court did not err in denying Yamamoto's Second Motion to Dismiss and in convicting Yamamoto based upon the Second Complaint.

Therefore, the District Court's February 2, 2010 Notice of Entry of Judgment and/or Order and Plea/Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 6, 2011.

On the briefs:

Timothy I. MacMaster
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[8] See Lamore v. State, 983 So.2d 665, 669 (Fla.Dist.Ct.App. 2008); Mollenberg v. State, 907 So.2d 554, 556 (Fla.Dist.Ct.App. 2005); State v. Creamer, 996 P.2d 339, 345 (Kan.Ct.App. 2000).

[9] See Kane, 3 Haw. App. at 457, 652 P.2d at 647-48 ("With a general intent crime, the statement of the act itself implies the requisite intent"); State v. Bull, 61 Haw. 62, 66, 597 P.2d 10, 13 (1979) ("the intent may be inferred from the conduct of the accused and the circumstances and environment of the occurrence"); Territory v. Tacuban, 40 Haw. 208, 212 (1953) ("An allegation of participation or taking part in a gambling game connotes guilty knowledge, and inferentially alleges scienter"); State v. McDowell, 66 Haw. 650, 651, 672 P.2d 554, 555 (1983) ("Both [the carrying firearm charge in Kane and possession of firearm charge in McDowell] are general intent crimes and neither section specifies the requisite general intent to prove the crime.")